UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          17-CV-0746
TAINA CLARKE,

                                        Plaintiff,                JURY TRIAL
                                                                  DEMANDED
                    -against-
                                                                  **COMPLAINT**
THE CITY OF NEW YORK; HRA POLICE
DEPARTMENT OFFICER DANIEL ARCHANGE;
HRA POLICE SERGEANT OSUWU, Individually and in
their official capacities),


                                        Defendants.              ECF CASE
-------------------------------------------------------------------X

          Plaintiff TAINA CLARKE, by her attorney CHRISTOPHER H. FITZGERALD,
complaining of the defendants, respectfully alleges the following:

## I.          **PRELIMINARY STATEMENT**

1.          Plaintiff TAINA CLARKE, ("Plaintiff"), brings this action for
compensatory damages, punitive damages, and attorney's fees pursuant to the
statutory and common law of the State of New York for assault and battery,
negligence, intentional infliction of emotional distress, and negligent hiring and
supervision.

2.          Plaintiff also brings this action for compensatory damages, punitive
damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988
for violations of her civil rights, as said rights are secured by said statutes and the
Constitutions of the State of New York and the United States.

## II.   <u>JURISDICTION</u>

3.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4.       Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III.   <u>VENUE</u>

5.       Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendant CITY of NEW YORK maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

## IV.   <u>JURY DEMAND</u>

6.       Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V.   <u>THE PARTIES</u>

7.       That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Queens, City and State of New York.

8.      That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9.      That at all times hereinafter mentioned the NEW YORK CITY HUMAN RESOURCES DEPARTMENT ("HRA"), was and is a mayoral agency, duly organized and existing under by virtue of the laws of the State of New York.

10.     That at all times hereinafter mentioned, defendants HRA POLICE OFFICER DANIEL ARCHANGE ("ARCHANGE") and HRA POLICE SERGEANT OSUWU ("OSUWU") were and still are employed by the City of New York through HRA.

11.     That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the CITY OF NEW YORK on behalf of the plaintiff within the time required by General Municipal Law §50(e).

12.     That on or about December 11, 2014, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h).

13.     That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City HUMAN RESOURCES ADMINISTRATION, and under color of state law.

14.     That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI.   <u>STATEMENT OF FACTS</u>

15.      On or about the date of November 10, 2015, at approximately 5:00pm, plaintiff TAINA CLARKE ("CLARKE" of "plaintiff") was lawfully inside the Human Resources Administration office located at 219 Beach 59th Street, County of Queens, City and State of New York.

16.       On that date plaintiff had an appointment with HRA staff to resolve a discrepancy regarding her benefits.

17.      After being made to wait for three hours on the second floor, plaintiff asked an HRA staff person to see a supervisor. That staff person left the room.

18.      Shortly thereafter, defendant OSUWU entered the room and told plaintiff to go back to the waiting area. Plaintiff explained that she was still waiting to see a supervisor and that it was important that she see a representative from HRA. She then asked OSUWU to at least give her the names of the HRA supervisors so that she could follow up with them.

19.      OSUWU responded by becoming verbally abusive and yelled at plaintiff that he was an HRA Police Sergeant and would arrest her for trespass. Defendant ARCHANGE then entered and stood next to plaintiff without speaking.

20.      Plaintiff complied with OSUWU's directive and began walking toward the waiting area. Other HRA clients in the waiting area, upon observing OSUWU's abusive behavior towards plaintiff, admonished him—a large male officer in uniform—for his unprofessionalism toward a small statured woman.

21.     In response to the verbal abuse from OSUWU, plaintiff asked for his name and badge number. In order to note this information, she unlocked her cell phone, which was in her hand at the time.

22.     Defendant ARCHANGE then grabbed plaintiff by the arm, spun her around and slammed her on the counter. He proceeded to handcuff only the right hand of plaintiff.

23.     ARCHANGE then dragged plaintiff by the other end of the handcuffs into the hallway, slamming her into the doorway and the counter along the way. ARCHANGE and OSUWU then shoved plaintiff into a hallway closet, and pushed her onto a stack of boxes in the closet.

24.     Defendants then attempted to close the door to the closet, but an unknown client of HRA intervened and prevented them from closing the door, stating, "You're not gonna do that to this girl!" and placing her foot in the doorway to prevent it from being shut.

25.     Inside the closet, OSUWU and ARCHANGE trapped plaintiff up against the boxes and handcuffed both wrists.

26.     OSUWU and ARCHANGE then took plaintiff from the closet and shoved her down the hallway to the elevator. While inside the elevator, ARCHANGE pushed plaintiff up against the wall and pressed all of his weight into her in order to inflict pain.

27.     On the first floor and ARCHANGE shoved plaintiff through a crowd of HRA clients to the officers' locker room. Plaintiff was placed in a chair in this room.

28.     Because of the jacket and scarf that she was wearing, plaintiff had difficulty breathing and asked that they be loosened. ARCHANGE ignored these pleas.

29.     Plaintiff also complained that the handcuffs were too tight and were causing pain to her wrists. ARCHANGE ignored these pleas.

30.     Plaintiff was issued criminal court summonses by ARCHANGE for Trespass and for Disorderly Conduct. Both charges were dismissed and sealed in July of 2016.

31.      Thereafter, plaintiff went to the emergency room and was treated for bilateral wrist injuries, and injuries to her right shoulder and elbow.

32.     Plaintiff continues to suffer from the painful and debilitating injuries and psychological trauma caused on November 10, 2015.

## FIRST CLAIM FOR RELIEF:
## ASSAULT UNDER STATE LAW

33.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

34.     On November 10, 2015, defendants ARCHANGE and OSUWU, acted with the intent to cause plaintiff to fear for her own physical safety and to fear that violent contact was imminent by behaving toward plaintiff in an aggressive manner.

35.     Defendants ARCHANGE and OSUWU, acted with the intent to harass, annoy, and/or alarm the plaintiff.

36.     Defendants ARCHANGE and OSUWU, acted voluntarily and with the intent and the desire to cause plaintiff to fear for her own physical safety and to fear that violent contact was imminent.

37.     Defendants ARCHANGE and OSUWU, acted voluntarily and with the knowledge—with substantial certainty—that their actions would cause the plaintiff to fear for her ownphysical safety and to fear that violent contact was imminent.

38.     Defendants ARCHANGE and OSUWU threatened to strike, shove, kick or otherwise subject plaintiff to physical contact with the intent to harass, annoy or alarm plaintiff.

39.     Defendants ARCHANGE and OSUWU had the real and apparent ability to carry out their implied and explicit threats of violent contact.

40.     As a result of Defendants ARCHANGE and OSUWU actions, plaintiff became apprehensive and feared for her own physical safety and feared that violent contact was imminent.

41.     Defendants CITY OF NEW YORK  are vicariously liable for the actions of Defendants ARCHANGE and OSUWU as these individual defendants were acting in furtherance of HRA business and within the scope of HRA authority.

42.     At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as ARCHANGE and OSUWU were acting in furtherance of HRA business and within the scope of HRA authority.

## SECOND CLAIM FOR RELIEF:
## BATTERY UNDER STATE LAW

43.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44.     On November 10, 2015, Defendants ARCHANGE and OSUWU intentionally made physical contact with plaintiff.

45.     This physical contact was violent, offensive, and without plaintiff's consent.

46.     This contact was without provocation.

47.     This violent physical contact caused severe physical and psychological injuries to plaintiff.

48.     Defendants ARCHANGE and OSUWU acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

49.     Defendants ARCHANGE and OSUWU struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

50.     Defendants ARCHANGE and OSUWU acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

51.     Defendant the CITY OF NEW YORK is vicariously liable for the actions of Defendants ARCHANGE and OSUWU as these individual defendants were acting in furtherance of HRA business and within the scope of HRA authority.

52.     At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as ARCHANGE and OSUWU, were acting in furtherance of HRA business and within the scope of HRA authority.

### THIRD CLAIM FOR RELIEF:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER STATE LAW

53.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54.     Defendants ARCHANGE and OSUWU conduct of November 10, 2015 was shocking and outrageous, exceeding all reasonable bounds of decency.

55.     Defendants ARCHANGE and OSUWU' conduct was intentional, and with the purpose to cause plaintiff severe emotional distress.

56.     Defendants ARCHANGE and OSUWU acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

57.     Defendants ARCHANGE and OSUWU conduct was reckless, and with an utter disregard for the consequences that followed.

58.     Defendants ARCHANGE and OSUWU struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

59.     Defendants ARCHANGE and OSUWU acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

60.     Defendants ARCHANGE and OSUWU's conduct has caused plaintiff severe emotional distress.

61.     Defendant CITY OF NEW YORK is vicariously liable for the actions of Defendants ARCHANGE and OSUWU as these individual defendants were acting in furtherance of HRA business and within the scope of HRA authority.

62.     At all times mentioned herein, the CITY OF NEW YORK is responsible for the plaintiff's injury and damages as ARCHANGE and OSUWU, was acting in furtherance of HRA business and within the scope of HRA authority.

## FOURTH CLAIM FOR RELIEF:
## NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION
## UNDER STATE LAW

63.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64.     THE CITY OF NEW YORK and THE NEW YORK CITY HUMAN RESOURCES ADMINISTRATION ("HRA") has a duty to use reasonable care in the employment, training and supervision of its employees.

65.     This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

66.     The HRA knew or should have known that Defendants ARCHANGE and OSUWU were incompetent, had vicious propensity, and/or have a bad disposition.

67.     The HRA could have easily anticipated the assault and battery of November 10, 2015.

68.     Upon information and belief, multiple complaints have been made to HRA regarding the aggressive, abusive, and incompetent behavior of defendant ARCHANGE.

69.     The HRA failed to adequately investigate and correct Defendants ARCHANGE and OSUWU disposition and propensity.

70.     Because of this history, the attack of November 10, 2015 was a foreseeable consequence of HRA' failure to adequately train, reprimand, or re-assign Defendants ARCHANGE and OSUWU.

71.     Despite receiving complaints of this incident by plaintiff, HRA has not investigated or taken any action against ARCHANGE or OSUWU for their violent, abusive conduct. In failing to take appropriate corrective action, the City of New York and HRA have ratified this behavior.

72.     Because of HRA' failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

**FIFTH CLAIM FOR RELIEF**:
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

73.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

74.     At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

75.     All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

76.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

77.     The acts complained of were carried out by the aforementioned individual defendants, in particular ARCHANGE and OSUWU, in their capacities as police/peace officers, with all of the actual and/or apparent authority attendant thereto.

78.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City HUMAN RESOURCES ADMINISTRATION, all under supervision of said department.

79.     The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

80.     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

**SIXTH CLAIM FOR RELIEF:**
**FALSE IMPRISONMENT UNDER STATE LAW AND**
**FALSE ARREST UNDER 42 U.S.C. §1983**

81.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

82.     Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK CITY HUMAN RESOURCES ADMINISTRATION and CITY OF NEW YORK.

83.     At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants ARCHANGE and OSUWU under false pretenses.

84.     At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

85.     That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing his in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

86.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

87.     That plaintiff was conscious of the confinement.

88.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

89.     As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF AND RETALIATION FOR**
**THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER**
**THE FIRST AMENDMENT**

90.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91.     By the actions described above, the defendants violated, and retaliated for the exercise of the free speech and assembly rights of the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

92.     The Supreme Court of the United States has consistently held that people have a 1st amendment right to verbally challenge police action. City of Houston v. Hill, 482 U.S. 451 (1987).

93.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of

her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

94.    As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## EIGHTH CLAIM FOR RELIEF:
## NEGLIGENCE

95.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

96.    Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the state of New York.

97.    As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## NINTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER STATE AND
## FEDERAL LAW

98.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

99.     Defendants detained plaintiff in the absence of probable cause that she had committed a crime.

100.    Defendants were acting or purporting to act in the performance of their official duties.

101.    In detaining plaintiff, defendants used force.

102.    The force used was unreasonable and excessive.

103.    Plaintiff was harmed as a result of the use of this force.

104.    Defendants' use of force was a substantial factor in causing the harm to plaintiff.

105.    As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

**TENTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER MONELL ARISING FROM**
**UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983**

106.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

107.    The CITY OF NEW YORK and the NEW YORK CITY HUMAN RESOURCES ADMINISTRATION have long been aware of the pattern and practice of HRA Officers in using excessive force when dealing with clients of HRA.

108.     Since 2010, numerous news stories have been published, Notices of Claim have been filed, lawsuits have been brought, and purported investigations conducted, yet HRA continues to constructively acquiesce to the inappropriate and excessive use of violence by its officers against those in need who are seeking the help of the City agency.

109.     HRA has failed to train, failed to train adequately, or incompetently trained its police officers in the proper and constitutional application of force.

110.     On February 8, 2016, a Notice of Claim was filed by Yahaira Bernal against the HRA after being beaten by one of its officers at the 495 Clermont Avenue location in Brooklyn.

111.     In 2015, Anton Birch filed suit in the Southern District of New York under Docket number **15-CV-5993** for false arrest and excessive force against HRA Officers Lamont Piper and Edward Carrasco-Jimenez.

112.     In 2011, William Broady filed suit in Kings County Supreme Court under **Index No. 28446/2011** after being brutally beaten by HRA Police officer Wilfredo Ayala.

113.     Officer Ayala also assaulted a pregnant woman, Ebony Owens, and her husband in the same HRA facility where he was on duty.

114.     Regarding these complaints against Officer Ayala, HRA Spokeswoman Carmen Boon was quoted as saying, "Our agency takes complaints by clients on

peace officers very seriously, so every time we receive a mistreatment complaint from a client, we perform investigations."[1]

115.     Yet the complaints by plaintiff in the instant matter, despite being forwarded from CCRB to Michael Ejemani of the HRA Police Department on or about December 1, 2015, have not resulted in any investigation or discipline of ARCHANGE or OSUWU.

116.     The comments by its spokeswoman that HRA takes "complaints by clients on peace officers very seriously" rings hollow, as clearly no remedial training regarding the use of force by officers has been done in the five years that passed between Officer Ayala's violence and the violent acts of ARCHANGE and OSUWU.

117.     Further, any purported investigatory procedures alluded to by Ms. Boon are non-existent as plaintiff's complaint has never been investigated by HRA.

118.     More importantly, the municipal defendants cannot credibly claim to have had no notice that their officers frequently behaved with capriciousness and violence against HRA's own clients.

119.     All of the previously mentioned complainants against HRA Officers—Bernal, Birch, Broady and Owens—went through almost identical ordeals as that of the plaintiff in the instant matter: each went to the HRA office seeking assistance, they were treated rudely and abruptly by HRA staff, and when they voiced their

---

[1] "'Peace' cop being probed for beatdowns; three say he roughed them up at city welfare office," *The New York Daily News,* October 17, 2010. http://www.nydailynews.com/new-york/peace-probed-beatdowns-roughed-city-welfare-office-article-1.192960

objections to being mistreated, they were all summarily subjected to acts of brutality.

120.         The acts complained of were carried out by the aforementioned individual defendants in their capacities as police/peace officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK HUMAN RESOURCES ADMINISTRATION, all under the supervision of officers of said department.

121.         As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

122.         As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

123.         As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;
    b. Punitive damages;
    c. The convening and empaneling of a jury to consider the merits of the claims herein;
    d. Costs and interest and attorney's fees;
    e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
February 8, 2017

 

 

Respectfully submitted,

**The Law Office of
Christopher H. Fitzgerald**
*Counsel for Plaintiff*


_____/s/_____
By: Christopher H. Fitzgerald, Esq.
(CF7339)
233 Broadway, Suite 2348
New York, NY 10279
(212)226-2275